LOCAL FORM 3015.1                                           4:16-bk-14561

# United States Bankruptcy Court
## Eastern District of Tennessee

In re: Robert D Freeman, Jr.
Tammy L Freeman
                    Debtor(s)

Case No.
Chapter  13

## CHAPTER 13 PLAN

☑ Original  ☐ Amended
Dated: October 17, 2016

**1. Payments and Term.**
The debtor will pay the chapter 13 trustee $ 1,025.00 Monthly for 60 months by direct pay and the following additional monies: NONE.

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $ 3,000.00, less $ 0.00 previously paid by the debtor.
(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim.

**3. Secured Claims.**
(a) *Cramdowns*. The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee at the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure timely amortization. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| First Community Bank | 2002 Dodge Ram<br>Claim Amount: $3,645.60 | $4,000.00 | $100.00 | 7% |
| Regency Finance Company | 2005 Chrysler Town & Country Van<br>Claim Amount: $4,510.00 | $4,500.00 | $100.00 | 7% |
| WORLD FINANCE | TVs, Video Games,<br>Treadmill, Exercise Bike, VCR, Laptop<br>Claim Amount: $3,192.00 | $1,000.00 | $25.00 | 7% |

(b) *Surrender*. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|
| -NONE- | |

(c) *Long-Term Mortgages and Mobile Homes*. The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount of the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid with first available funds, absent an objection. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such plan payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1. Pursuant to 11 U.S.C. §1322(b)(3) and (10) all maintenance payments shall be deemed current upon the conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to 11 U.S.C. §1322(b)(5). Pursuant to 11 U.S.C. §1322(b)(3), any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|---|
| Ocwen Loan Servicing, LLC | 0.0 | 0.0 | 0.0 | $672.38 | Trustee |

(d) *De Novo Review*. Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority*. Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:  __20__ %.

**5. Executory Contracts and Unexpired Leases.**  Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

*Other Party to Contract*                           *Property Description and Treatment by Debtor*
-NONE-

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

/s/ C. KELLY WILSON
C. KELLY WILSON ~013466
200 E. Depot Street
P.O. Box 103
Shelbyville, TN 37162
931-684-5424
013466

/s/ Robert D Freeman, Jr.
Robert D Freeman, Jr.
Signature of Debtor

/s/ Tammy L Freeman
Tammy L Freeman
Signature of Debtor